**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-1031C
Filed: February 26, 2015
NOT TO BE PUBLISHED

FILED

FEB 26 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JEFFREY NATHAN SCHIRRIPA,

    Plaintiff, *pro se*,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND FINAL ORDER

**Jeffrey Nathen Schirripa,** Kinnelon, New Jersey, *pro se*.

**Erin Kathleen Murdock-Park,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**BRADEN,** *Judge*.

### I.    RELEVANT FACTUAL BACKGROUND.[1]

On October 23, 2014 and December 18, 2014, Jeffrey Nathan Schirripa ("Plaintiff") filed a Complaint and an Amended Complaint, respectively, in the United States Court of Federal Claims. The Amended Complaint alleges that, between 2010 and 2014, Plaintiff developed an "antiterrorism technology" that is essential to combating an unspecified and "unconventional" threat to the United States. Am. Compl. at 2.

The Amended Complaint states that this "significant threat" obligates the United States to procure Plaintiff's "antiterrorism technology" under the "bounty" provision of Section 4 of the

---

[1] The relevant facts discussed herein were derived from Plaintiff's December 18, 2014 Amended Complaint ("Am. Compl.").

Fourteenth Amendment of the United States Constitution,[2] as the technology is necessary to combat the "inconceivable threat of rebellion." Am. Compl. at 2. In the alternative, the ease with which the "antiterrorism technology" could be turned against the United States obligates the Government to seize the technology under 50 U.S.C. § 212.[3] Am. Compl. at 2–3.

## II.     PROCEDURAL HISTORY.

On October 23, 2014, Plaintiff filed a Complaint in the United States Court of Federal Claims alleging claims for "'rewards' that the Government has an affirmative legal obligation to pay." Compl. at 1.

On October 23, 2014, Plaintiff filed a Motion For Leave To Proceed *In Forma Pauperis*.

On November 6, 2014, Plaintiff filed a Motion For Alternative Dispute Resolution.

On November 10, 2014, Plaintiff filed a Motion For Declaratory And Injunctive Relief.

On December 1, 2014, the Government filed a Motion To Dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

On December 2, 2014, the court granted Plaintiff's Motion For Leave To Proceed *In Forma Pauperis*.

---

[2] Section 4 of the Fourteenth Amendment to the United States Constitution provides:

> The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

U.S. CONST. amend. XIV, § 4.

[3] Section 212, in relevant part, provides:

> Whenever during any insurrection against the Government of the United States ... by combinations too powerful to be suppressed by the ordinary course of judicial proceedings, or by the power vested in the marshals by law, any person, or his agent, attorney, or employee, purchases or acquires, sells or gives, any property ... employed in aiding, abetting, or promoting such insurrection or resistance to the laws, ... all such property shall be lawful subject of prize and capture wherever found[.]

50 U.S.C. § 212.

On December 2, 2014, Plaintiff filed a Memorandum in support of both the November 6, 2014 Motion For Alternative Dispute Resolution and the November 10, 2014 Motion For Declaratory And Injunctive Relief.

On December 15, 2014, Plaintiff filed a Motion For Supplemental Pleading.

On December 18, 2014, Plaintiff filed an Amended Complaint ("Am. Compl."), seeking to remedy the procedural shortfalls identified in the Government's December 1, 2012 Motion To Dismiss and rendering the Government's December 1, 2014, Motion To Dismiss moot.

On December 31, 2014, the Government filed a Motion To Dismiss Plaintiff's December 18, 2014 Amended Complaint, pursuant to RCFC 12(b)(1) and 12(b)(6) ("Gov't Mot.").

On January 8, 2015, Plaintiff filed a Motion For Default Judgment. On January 16, 2015, the Government filed a Response.

On January 21, 2015, Plaintiff filed a Motion For Judicial Notice Of Adjudicative Facts.

On January 26, 2015, Plaintiff filed a Reply to the Government's January 16, 2014 Response to Plaintiff's January 8, 2014 Motion For Default Judgment.

On January 29, 2015, Plaintiff filed a Response to the Government's December 31, 2014 Motion To Dismiss ("Pl. Resp.").

On February 9, 2015, the Government filed a Motion To Stay a response to Plaintiff's January 21, 2015 Motion, pending the court's decision on the Government's December 31, 2014 Motion To Dismiss. On February 10, 2015, the court granted the Government's February 9, 2015 Motion To Stay.

### III. DISCUSSION.

#### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The

Tucker Act ... does not create a substantive cause of action; ... a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Standard of Review Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

### D. Standard of Review Under RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

### E. The Government's December 31, 2014 Motion To Dismiss.

#### 1. The Government's Argument.

The Government argues that Plaintiff's December 18, 2014 Amended Complaint should be dismissed, because: the court does not have jurisdiction, pursuant to RCFC 12(b)(1); and the Amended Complaint fails to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(6). Gov't Mot. at 3–7.

Regarding the court's jurisdiction, pursuant to RCFC 12(b)(1), Plaintiff's Amended Complaint "asserts that [Plaintiff's] claims arise under the Tucker Act, [but] fails to identify a substantive right that would confer th[e c]ourt jurisdiction." Gov't Mot. at 4. Instead, the Amended Complaint "requests that [Plaintiff] be granted the opportunity to demonstrate his invention to th[e c]ourt, . . . which will then entitle [Plaintiff] to a bounty payment under Section 4 [of the Fourteenth Amendment]." Gov't Mot. at 4. But, the Amended Complaint "demonstrates no entitlement to a bounty payment under Section 4." Gov't Mot. at 4. The United States Court of Appeals for the Federal Circuit "has repeatedly ruled that suits brought under the Fourteenth Amendment do not confer jurisdiction to th[e c]ourt, as the Fourteenth Amendment is not money-mandating." Gov't Mot. at 5 (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Fourteenth Amendment is not money-mandating); *see also Harris v. United States*, 2007 WL 706856, at *1 (Fed. Cir. Mar. 8, 2007) (holding that Section 4 of the Fourteenth Amendment does not "mandate compensation by the [G]overnment [to the plaintiff] and therefore cannot confer jurisdiction in the Court of Federal Claims"), *cert. denied*, 552 U.S. 1030 (2007)).

While the Amended Complaint "argues that the phrase 'shall not be questioned' contained in Section 4 means that it is a money-mandating statute under the Tucker Act, . . . . none of the cases to which [the Amended Complaint] cites relate to Section 4, and none can support [Plaintiff's] claims." Gov't Mot. at 5. Instead, "Section 4 states that no person may question a payment made by the United States to a party that helped prevent a revolt or opposition." Gov't Mot. at 6. Since Plaintiff has neither "prevented a revolt or opposition" nor "received . . . payment from the United States," the court does not have jurisdiction to adjudicate Plaintiff's claim to payment under Section 4 of the Fourteenth Amendment. Gov't Mot. at 6.

Regarding the Amended Complaint's failure to state a claim, pursuant to RCFC 12(b)(6), the claims in the Amended Complaint "do not arise above the speculative level and provide no plausible claim upon which relief can be granted." Gov't Mot. at 7. Instead, the Amended Complaint contains "fantastical assertions" about the threat of terrorism and the classification of medical marijuana as a Schedule 1 substance. Gov't Mot. at 7. Therefore, in the alternative, the December 18, 2014 Amended Complaint should be dismissed pursuant to RCFC 12(b)(6). Gov't Mot. at 7 (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (holding that a court may dismiss a complaint as factually frivolous "if the facts alleged are clearly baseless, . . . a category encompassing allegations that are fanciful, . . . fantastic, . . . and delusional") (internal quotation marks and citations omitted)).

### 2. Plaintiff's Response.

Plaintiff's January 29, 2015 Response "prays that the United States Court of Federal Claims will compensate [Plaintiff] for the four years of service that [Plaintiff] has invested into this extraordinary matter of national security (via the 'Bounty Payment' described in Sect[ion] 4 of the [Fourteenth] Amendment) and acknowledge the need to 'Capture' his property[.]" Pl. Resp. at 2.

### 3. The Court's Resolution.

"[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]" *Todd*, 386 F.3d at 1094. In determining whether Plaintiff properly identified a separate substantive right for money damages, the court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a "*pro se* document is to be liberally construed"). But, the court cannot "simply excuse [a complaint's] failures." *Henke*, 60 F.3d at 799.

Plaintiff alleges a claim under the "bounty" provision of Section 4 of the Fourteenth Amendment of the Constitution of the United States and the "seizure" clause of 50 U.S.C. § 212. Neither of these provisions "leaves the government no discretion over payment of claimed funds," nor have they ever been found to create a substantive right to money damages. *Samish Indian Nation v. United States*, 419 F.3d 1355, 1364 (Fed. Cir. 2005). Moreover, the Amended Complaint does not allege a contractual relationship with the Government, nor are there any allegations that a contractual relationship existed. Therefore, the court does not have Tucker Act jurisdiction to adjudicate Plaintiff's claim, pursuant to RCFC 12(b)(1). *See Khan v. United States*, 201 F.3d 1375, 1377–78 (Fed. Cir. 2000) ("[T]o invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages."); *see also LeBlanc*, 50 F.3d at 1028 (holding that the Fourteenth Amendment is not money-mandating); *Harris*, 2007 WL 706856, at *1 (holding that Section 4 of the Fourteenth Amendment does not "mandate compensation by the [G]overnment [to the plaintiff] and therefore cannot confer jurisdiction in the Court of Federal Claims.").

In addition, the Amended Complaint factual assertions are speculative and lack a specific prayer for relief. *See Denton*, 504 U.S. at 32. Therefore, the Amended Complaint fails to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6). *See Twombly*, 550 U.S. at 555 (holding that the plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level").

## IV. CONCLUSION.

For these reasons, the Government's December 31, 2014 Motion to Dismiss is granted. *See* RCFC 12(b)(1), 12(b)(6). Other pending motions are now moot. The Clerk is directed to dismiss Plaintiff's December 18, 2014 Amended Complaint.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**